MAEinr, J.
delivered the opinion of the court.
John Hoffman is appellant from a judgment of the court of probates [494] sustaining the opposition of Kaiser to his application to be appointed curator to the estate of Jacob Schert, deceased. He claimed the curatorship on the ground that he was a friend of the deceased.
The claim of Kaiser was urged on the ground that he was a friend and creditor of the deceased.
The judge of probates sustained the opposition, being of opinion that the quality of creditor, in addition to that of friend, turned the scale in favor of the opponent.
The La. Oode, art. 1114, gives the preference of the curatorship to creditors over those who are not, when no surviving partner, heir or spouse, is an applicant.
Kaiser claimed to be a creditor for rent. Hoffman, the adverse party, interrogated him to say whether any rent was due for the month of August, *668 1889, and he answered in the negative. When his counsel asked him whether there was any thing due him for house rent, the question was objected to by-Hoffman’s counsel, but the objection was overruled, the court being of opinion that Kaiser had a right to explain; whereupon he added, that the deceased owed him rent from the 1st September, 1839,- to the day of his death, which was on the 7th of the month.
We are of opinion the court did not err. It was otherwise proved that some rent was due.
It is urged that the applicant, Hoffman, was improperly mulcted in the costs of the opposition. The La. Code, art. 1118, provides, that “ in contestations relating to the curatorship of successions, the parties who have-failed in their demands or oppositions, support the expense of them.” The applicant failed in his demand, and the opposition of Kaiser was tlie consequence of it, and the former was correctly charged with the costs of the contestation.
It is therefore ordered, adjudged and decreed, that the judgment of the court of probates for the parish of Jefferson be affirmed, with costs.